OFFICE OF DISCIPLINARY COUNSEL *v.* WEBSTER.

[Cite as *Disciplinary Counsel v. Webster,*
99 Ohio St.3d 92, 2003-Ohio-2459.]

(No. 2002–1996—Submitted March 26, 2003—Decided May 16, 2003.)

---

**Per Curiam.**

{¶ 1} On October 18, 2001, respondent, John B. Webster, last known address in Coventry, Rhode Island, Attorney Registration No. 0033158, was disbarred from the practice of law in Rhode Island. On November 18, 2002, relator, Disciplinary Counsel, filed in this court a certified copy of the order of disbarment. The cause is now before us pursuant to the reciprocal discipline provisions of Gov.Bar R. V(11)(F).[1]

---

1. We previously suspended respondent from the practice of law in Ohio on November 28, 2001, pursuant to Gov.Bar R. V(5) (interim suspension for attorney's conviction of a felony). *In re*

{¶ 2} When an attorney has been professionally disciplined in another state, Gov.Bar R. V(11)(F)(4)(a)(ii) requires us to impose identical or comparable disciplinary measures unless a substantially different sanction is warranted in Ohio. *Disciplinary Counsel v. Meenen* (2000), 88 Ohio St.3d 268, 725 N.E.2d 626. In Rhode Island, attorneys may petition for reinstatement five years from the effective date of the disbarment. R.I. S.Ct.Rules, Art. III, Rule 16(b). However, an attorney disbarred in Ohio is forever prohibited from practicing law. Thus, we consider an indefinite suspension that runs concurrently with the period of disbarment in Rhode Island the most comparable Ohio sanction available.

{¶ 3} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. This suspension shall run concurrently with the period of disbarment imposed by the Supreme Court of Rhode Island, and is to last at least until respondent is reinstated in Rhode Island. Any application for reinstatement in Ohio shall be subject to the procedures and requirements of Gov.Bar R. V(10). Costs are taxed to respondent.

Judgment accordingly.

RESNICK, F.E. SWEENEY, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

MOYER, C.J., and PFEIFER, J., dissent.

———————

**MOYER, C.J., dissenting.**

{¶ 4} I agree with the majority's interpretation of Gov.Bar R. V(11)(F)(4)(a)(ii). The rule does require us to impose identical or comparable disciplinary measures unless a substantially different sanction is warranted.

{¶ 5} It is also true, however, that Gov.Bar R. V(11)(F)(6) permits this court to enhance the sanction if an attorney fails to report to the Disciplinary Counsel and to the Clerk of the Supreme Court that he has been subjected to discipline in another jurisdiction. According to the record, Webster did not notify this court of his disbarment in Rhode Island.

{¶ 6} Webster's conduct warrants an enhanced sanction. Specifically, he was convicted of a felony for making false statements to government agencies, for which we suspended him from the practice of law in Ohio pursuant to Gov.Bar R. V(5)(A)(3). *In re Webster* (2001), 93 Ohio St.3d 1491, 758 N.E.2d 1143. We thereafter cited him for contempt because he failed to file an affidavit of compliance as ordered. *In re Webster,* 97 Ohio St.3d 1435, 2002-Ohio-6055, 778

———————

*Webster* (2001), 93 Ohio St.3d 1491, 758 N.E.2d 1143. On November 8, 2002, we cited respondent for contempt because he failed to file an affidavit of compliance as ordered. *In re Webster,* 97 Ohio St.3d 1435, 2002-Ohio-6055, 778 N.E.2d 47.

N.E.2d 47. Such behavior causes me to conclude that an indefinite suspension is not sufficient. Therefore, in accordance with Gov.Bar R. V(11)(F)(6), I would enhance the sanction and disbar respondent.

PFEIFER, J., concurs in the foregoing dissenting opinion.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.